SAMUEL, Judge.
Acting under the provisions of LSA-R.S. 48:441-460, the State of Louisiana, through the Department of Highways, instituted this suit for the expropriation for highway purposes of certain property owned by the defendant. At the time suit was filed plaintiff deposited $1,700 in the registry of the court as its estimate of just compensation for the property expropriated. Insofar as this appeal is concerned, in answer to the suit the defendant contested only the value of the land taken, averring its true value was $9,-470 and praying for judgment accordingly. After trial the district judge determined the value of the expropriated land at the time of taking was $8,106.50. He awarded judgment in favor of the defendant in that amount less the $1,700 deposited, or $6,-406.50. Plaintiff has appealed.
The record before us is not complete. Missing therefrom is a portion of the testimony taken by a reporter thereafter not available whose notes other court reporters have been unable to transcribe. Because of this fact and because the trial *86 judge, the Honorable L. Robert Rivarde, is deceased, a narrative of facts was submitted jointly by plaintiff and defendant. Both litigants have requested that we decide the matter on the record as it now stands.
The property involved is a portion of a larger tract, utilized at the time of the taking as a shopping center, in the Parish of Jefferson on the left descending bank of the Mississippi River and fronting on the Huey P. Long Bridge-Kenner (or Jefferson) Highway, on State Route La. 48. The taking was for the purpose of widening the existing highway to four lanes. The portion taken was a strip of land comprising an area of 4,735.43 square feet fronting on the existing highway, measuring 18.24 feet in depth on one end and 13.09 feet in depth on the other end, across the entire front of defendant’s property from the intersection of the highway and Upstream Street to the intersection of the highway and Orchard Road.
In this court there is no contention by either litigant that, as found by the trial judge, the value ($8,106.50) of the strip taken is incorrect if defendant had the full ownership thereof, i. e., if the strip was not burdened with a servitude. Plaintiff contends the strip was burdened with a servitude of drain due the state and that the trial court erred in awarding the full fee value despite the presence of the servitude, citing Texas Gas Transmission Corporation v. Young, La.App., 198 So.2d 453, Louisiana Power & Light Company v. Roy, La.App., 198 So.2d 484, and other similar cases. Defendant contends: (1) as plaintiff’s petition failed to allege the existence of a servitude, there were no amendments thereto and timely objection was made to the introduction of evidence offered to prove such existence, the evidence thus offered was inadmissible and should have been excluded; (2) even if properly allowed, that evidence was insufficient to establish the existence of the servitude; and (3) even if there was a servitude, it did not detract from the value of the expropriated property.
The trial court found the existence of a servitude of drain would not detract from the value of the expropriated property. As we have concluded the correct result thus was reached, we find it unnecessary to discuss or decide defendant’s first two contentions.
The record reveals there was a defile, depression or ditch within the area of the expropriated strip which may have carried off excess water. However, prior to the time the property was taken by the plaintiff, and with the permission of both the state and the parish, underground pipes, culverts and storm drains were laid by the defendant in the area in question. The area was then covered with fill and entrance and exit driveways were constructed. At the time of the taking all of the expropriated property was available for use, and in a condition to be used, by the defendant for the parking of vehicles and for ingress and egress to and from the shopping center.
Three expert appraisers testified at the trial, two for the plaintiff and one for the defendant. All agreed that the highest and best use of the expropriated property was for the parking of vehicles and for ingress and egress in connection with the shopping center. Plaintiff’s experts were of the opinion that the full fee value of the property should be reduced by 75% because the land was burdened with the servitude of drain. Defendant’s expert was of the opinion that the existence of a servitude of drain would detract nothing from the value of the property because the servitude did not interfere in any way with the highest and best use of the property.
The cases cited by plaintiff are inapposite. They hold that where a permanent servitude is taken an award of the full fee value of the property is improper. In Texas Gas Transmission, involving the expropriation of a permanent right-of-way for pipeline purposes, the court held that 25% of the full fee value of the property was a proper award. In Louisiana Power & Light Company, involving a permanent right-of-way for an electric transmission line, the award *87 was 50% of the full fee value of the property. Both cases also allowed severance damages.
 In the instant case it is not the servitude which has been taken; the full ownership of the property has been expropriated. And, on the basis of the record before us, we agree with the trial court finding that the existence of a servitude of drain would not detract from the value of the expropriated property as such a servitude would not interfere with the highest and best use thereof. In addition, even if such a servitude would in fact detract something from the value, such detraction would be minimal and certainly far less than the 75% estimated by plaintiff’s experts. As the record contains no estimation other than 75%, we would not be able to determine a proper figure except by pure speculation.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.